F. TRAVIS BUCHANAN, ESQ.
Nevada Bar No. 9371
**F. TRAVIS BUCHANAN, ESQ., & ASSOC., PLLC**
701 East Bridger Ave., Suite 540
Las Vegas, Nevada 89101
Tel: (702) 331-5478 / Fax: (702) 629-6919
Email: *Travis@ftblawlv.com*
*Attorneys for Plaintiff Trinity Hayes*

CARLOS LEACH, ESQ.
Florida Bar No. 0540021 *(Pro Hac Pending)*
T'KEARA N. WATSON, ESQ.
Florida Bar No. 1018265 (Pro Hac Pending)
**THE LEACH FIRM**
1560 N. Orange Ave., Ste. 600
Winter Park, FL 32789
Tel: (407) 574-2244 / Fax: (321) 594-7316
Email: Cleach@theleachfirm.com
*Attorneys for Plaintiff Trinity Hayes*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRINITY HAYES, On behalf of herself, as an individual, and Those Similarly Situated<br><br>Plaintiffs,<br><br>vs.<br><br>RUSSELL ROAD FOOD AND BEVERAGE, LLC d/b/a CRAZY HORSE 3 GENTLEMEN'S CLUB, and NANDO SOUTILLIO, an individual;  DOES 1-10 and ROE ENTITIES 1-10, inclusive.<br><br>Defendants. | **CASE NO.:**<br><br>**COMPLAINT**<br>**JURY TRIAL IS DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, TRINITY HAYES, by and through her attorneys, F. TRAVIS BUCHANAN,

1

**CIVIL COMPLAINT FOR DAMAGES**

ESQ., of the law firm F. TRAVIS BUCHANAN, ESQ., & ASSOC., PLLC, and CARLOS LEACH, ESQ., and T'KEARA N. WATSON, ESQ., of The Leach Firm, collectively her legal counsel, herein sues RUSSELL ROAD FOOD AND BEVERAGE, LLC., d/b/a CRAZY HORSE 3 GENTLEMEN'S CLUB and NANDO SOSTILLIO, an individual, collectively ("Defendants"), and alleges:

**I.**

**GENERAL ALLEGATIONS & STATEMENT OF JUSISDICTION AND VENUE**

1. This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Defendants violated the minimum wage and record keeping requirements of the FLSA. Claimants seek unpaid wages, including tips, liquidated damages and reasonable attorneys' fees and costs.

2. Plaintiff has worked for Defendants since 2014.

3. Plaintiff worked for Defendant based out of Las Vegas, Nevada.

4. Russel Road Food and Beverage, LLC d/b/a Crazy Horse 3 Gentlemen's Club is a business entity, authorized to do business in Nevada, as a Nevada Corporation.

5. Defendants employ Entertainers throughout the Club whose primary duties include providing adult entertainment for Defendants' customers.

6. Plaintiff and other similarly situated Entertainers primarily worked for Defendants over the last several years.

7. This action is brought under the FLSA to recover from Defendants unpaid wages, tips, liquidated damages, and reasonable attorneys' fees and costs.

8. This action is intended to include all damages for Entertainers who worked

2

**CIVIL COMPLAINT FOR DAMAGES**

for Defendants at any time within the past three (3) years.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

10. During Plaintiff's employment with Defendants, Defendants earned more than $500,000.00 per year in gross sales.

11. During Plaintiff's employment with Defendants, Defendants employed two or more employees which handled goods, materials and supplies which had traveled in interstate commerce.

12. At all times material, Defendants accepted payments from customers based on credit cards issued by out of state banks.

13. Therefore, Defendants are considered an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

14. At all times relevant to this action (2021 - 2024), Respondents failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked.

15. Defendants controlled and/or was responsible for the work of Plaintiff and those similarly situated. Venue is proper in this judicial district pursuant to 28 U.S.C. Sect. 1391 since "a substantial part of the events or omissions giving rise to the claim[s] occurred" within Clark County, Nevada, which is within the jurisdiction of the United States District Court for the District of Nevada.

II.

3

**CIVIL COMPLAINT FOR DAMAGES**

**COUNT I - VIOLATION OF 29 U.S.C. § 206 AND 215**

16. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-15 above and further asserts.

17. Plaintiff is an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

18. Defendants did not compensate Plaintiff at an hourly rate above or equal to the minimum wage.

19. Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage.

20. Plaintiff is entitled to payment of her minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

21. Defendants' requirement that Plaintiff pay fees and fines to the Club and its managers, house moms, floor guys, and DJs violated the "free and clear" requirement of 29 CFR 531.35.

22. Plaintiff is entitled to receive all unpaid minimum wages from Defendants for the hours that she worked.

23. Plaintiff is entitled to recover from Defendants as part of her wage loss, all fees, tip-outs and fines that it was required to pay in order to work at the Club.

24. Defendants' violation of the FLSA was willful.

25. In other words, Defendants knew or showed reckless disregard for the fact that its wage and "pay to work" policies violated the FLSA.

26. As a result of Defendants' willful underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA §16(b),

29 U.S.C. § 216(b).

27. Defendants failed to act in good faith in implementing and enforcing its wage and "pay to work" policies and its implementation and enforcement of these policies was unreasonable.

28. Defendants violated the record keeping requirements of the FLSA.

29. As a result of its underpayment of minimum wages as alleged above, Defendants are liable to Plaintiff for minimum wage damages, reimbursement of misappropriated tips, liquidated damages, litigation costs, including reasonable attorney's fees, in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

### III.

### COUNT II - VIOLATION OF THE FLSA BY DEFENDANT, NANDO SOSTILLIO INDIVIDUALLY

30. Plaintiff reincorporates and readopts all relevant allegations contained within Paragraphs 1-15 above, and further asserts.

31. Defendant, NANDO SOSTILLIO, is/was the "employer and employs(ed) Plaintiff as an "employee" within the meaning of the FLSA, 29, U.S.C. § 203(d).

32. Defendant, NANDO SOSTILLIO is/was responsible for hiring the Club's "entertainers".

33. Defendant, NANDO SOSTILLIO is/was responsible for firing the Club's "entertainers."

34. Defendant, NANDO SOSTILLIO made the decision to classify Plaintiff as an independent contractor.

35. Defendant, NANDO SOSTILLIO made the decision that Plaintiff did not

qualify for an hourly rate at least equal to the Federal Minimum Wage.

36. As a result, Defendant, NANDO SOSTILLIO is individually liable for any damages under the FLSA.

Wherefore, Plaintiff seeks judgement against Defendant NANDO SOSTILLIO for any FLSA damages.

### IV.

### **COUNT III - REIMBURSEMENT OF HOUSE FEES AND TIPS**

37. Plaintiff reincorporates and readopts all relevant allegations contained within Paragraphs 1-15 above, and further asserts.

38. Defendants further violated the FLSA by requiring Plaintiff and those similarly situated to pay house fees and tip outs as a condition of employment.

39. Defendants further violated the FLSA by requiring that Plaintiff pay a percent of all tips collected back to the club and the end of every shift worked.

40. Defendants' house fee and tip out requirement benefitted the Defendants and caused Plaintiff and those similarly situated potential wages to fall well below the minimum wage.

41. Pursuant to the FLSA, specifically 29 CFR § 531.35, wages must be paid "free and clear."

42. 29 CFR § 531.35, states in part "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear."

43. The wage requirements of the Act will not be met where the tips directly or indirectly to the employer or to another person for the employer's benefit the whole or part of

the wage delivered to the employee.

44. The house fees paid by the Plaintiff and those similarly situated constitute "illegal kickbacks" pursuant to 29 CFR § 531.35.

45. The tip-outs paid by the Claimant to the "house mom", the floor guys, and the DJ constitute "illegal kickbacks," pursuant to 29 CFR § 531.35.

46. These sums must be returned to Plaintiff and those similarly situated to bring Defendants' minimum wage obligations to the Plaintiff complied with the requirements of the FLSA.

47. Defendants' policy of house fees and tip outs were not recorded in the federal and state tax returns or gross receipts.

48. Defendants are not entitled to a set off or tip credit for sums earned by the Plaintiff and those similarly situated.

49. Defendants are liable to Plaintiff in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the Defendants, and in an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

## V.

## COLLECTIVE ACTION ALLEGATIONS

50. As alleged herein, Defendants are liable under the FLSA for willfully failing to properly compensate Plaintiff and all other similarly situated current and former adult entertainers employed by Defendants during the three year period prior to commencement of this action, and as such, notice should be sent to past and present adult entertainers employed by Defendants, during the three year period prior to initiation of this action, pursuant to 29 U.S.C. § 216(b).

51. As alleged herein, Defendants deprived Plaintiff and other similarly situated adult entertainers of compensation to which they are entitled through the following singular practices, decisions or plans:

(a) Requiring adult entertainers to work without compensation;

(b) Requiring adult entertainers to perform work during times for which they could not receive tips without compensation;

(c) Refusing to compensate adult entertainers one- and one-half times minimum wage when their total hours worked exceeded 40 hours;

(d) Requiring adult entertainers to share tips with non-tipped employees; and

(e) Requiring adult entertainers to pay fees for the right to work.

52. Based thereon, Defendants have repeatedly and intentionally engaged in a similar practice, commonly and typically applied to the class of adult entertainers, of improperly depriving compensation to which such adult entertainers are entitled under the FLSA.

53. Questions that are common among the FLSA Collective Action members include, but are not limited to:

(a) whether Defendants have and continue to unlawfully refuse to pay adult entertainers proper compensation, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for all work performed;

(b) whether Defendants have and continue to unlawfully refuse to pay adult entertainers proper overtime compensation, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, through the aforementioned policies and practices;

**CIVIL COMPLAINT FOR DAMAGES**

(c) whether Defendants' failure to pay such proper compensation is willful within the meaning of the FLSA.

54. There are numerous similarly situated current and former adult entertainers employed by Defendants who have been subject to the same policies and practices alleged herein, in violation of the FLSA, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.

55. Those similarly situated employees are known to Defendants and are readily identifiable by Defendants' records.

56. Additional potential collective action members may execute and file forms consenting to opt-in to join as a plaintiff in the instant action.

57. Accordingly, the class members are properly defined as:

**All Entertainers who worked for Defendants during the three (3) years preceding this lawsuit.**

58. Copies of the current Plaintiffs' Notices of Consent are attached hereto as ***Exhibits 1, 2, and 3.***

59. Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this collective action against Defendants under the FLSA, 29 U.S.C. § 201, *et seq.* for failure to pay minimum wage and overtime compensation.

60. Plaintiff and others similarly situated (the "FLSA Collective"), are individuals who are current and former adult entertainer employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

WHEREFORE, Plaintiff, TRINITY HAYES, on behalf of herself and those similarly

situated, demands judgment against Defendants for unpaid wages, tips, liquidated damages, conditional certification of a collective action, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff TRINITY HAYES demands that all issues in this case be tried by a jury in accordance with the Seventh Amendment of the United States Constitution, and pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED this **16th** day of December, 2024

By: ***/s/ F. Travis Buchanan, Esq.***
F. TRAVIS BUCHAN, ESQ.
Nevada Bar No. 9371
701 E. Bridger Ave., Ste. 540
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*