UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSELYN MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>RUSSELL ROAD FOOD AND BEVERAGE, LLC, et al.,<br><br>    Defendants. | Case No. 2:24-cv-02341-CDS-NJK<br><br>**Order**<br><br>[Docket No. 41] |

    Pending before the Court is Plaintiff's motion to extend case management deadlines by sixty days. Docket No. 41. Defendant Russell Road and Beverage, LLC filed a response in non-opposition. Docket No. 42.

    A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012).

"[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178. "Even when a litigant is not at fault for a discovery issue that has arisen, that party is still required to protect her interests by seeking judicial relief in prompt fashion." *PlayUp, Inc. v. Mintas*, 2025 WL 315118, at *4 (D. Nev. Jan. 27, 2025) (citing *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S. D. Miss. 2001)).

In the instant motion, Plaintiff seeks to extend case management deadlines by sixty days. Docket No. 41. Plaintiff submits that she made numerous attempts to coordinate a deposition of Defendant's corporate representative, yet these requests have been met with silence. *See id.* Defendant responds with "no opposition to the enlargement of the discovery and despite motion deadlines," and provides no explanation for the delay in coordinating the relevant deposition aside from a "difficulty obtaining dates." Docket No. 42 at 2.

The scheduling order in this matter was entered on May 20, 2025. Docket No. 34. The parties have shown a great lack of diligence in conducting discovery through this period. *See* Docket No. 41. Further, the instant motion fails to include the dates on which the parties conducted the small amount of discovery they have conducted, therefore making it difficult for the Court to make a true diligence determination. *See id.*; *see also* Local Rule 26-3(a). Additionally, Plaintiff failed to meet and confer prior to filing the motion. See Local Rule 26-6(c).

Nonetheless, as a one-time courtesy to counsel and in an effort to resolve this case on its merits, the Court **GRANTS** the instant motion. Docket No. 41. Case management deadlines are **RESET** as follows:

- Discovery cutoff: December 17, 2025

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

- Dispositive motions:  January 16, 2026
- Joint proposed pretrial order:  February 17, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: October 24, 2025

Nancy J. Koppe
United States Magistrate Judge